the relator's attorney agreed, on the original being shown, to waive a regular service of the order by copy; and denied the motion, though the 66th general rule of that court is, "that no agreement between the parties in a cause, or their attorneys, shall be binding, unless admitted or reduced to writing."

*C. O'Connor* now moved for a mandamus, commanding the C. P. to quash the supersedeas.

*W. F. Osgood* and *J. M. Bixley*, contra.

*Curia.* This is not a case of agreement between the attorneys; but of waiver. There is no doubt that an attorney may waive, by parol, the service of a paper, or any formal requisite in its service; and we should hold him to it, notwithstanding our 12th general rule of April term, 1796, which is, in substance, like the rule in question.

Motion denied.

---

## Ex parte LASSELL.

JANE ULMA, having taken an assignment of a note payable to one Sterling in specific articles, against the relator, *sued him before a justice of St. Lawrence county, in Sterling's name as plaintiff. The justice gave judgment in favor of Lassell. Jane Ulma appealed to the C. P. of St. Lawrence; and the appeal bond was not executed by Sterling, but by Jane Ulma and a surety. The bond ran, "Jane Ulma, assignee of James Sterling;" and was conditioned (*inter alia*) that if judgment should be against Sterling, she should pay it, with costs of appeal.

Lassell moved the C. P. to quash the appeal, on the ground that the party appellant had not signed the bond. The motion being denied,

ALBANY,
Feb. 1828.

Ex parte
Lassell.

An appeal bond may be executed by [*120] the real, as well as the nominal party; *e. g.* the assignee of a note not negotiable, who sues in the name of the assignor, against whom judgment is given by the justice.

A motion was now made for a mandamus commanding the C. P. to grant it.

*E. A. Graham*, for the motion.

*Curia.* The motion must be denied. We have decided, generally, that the party appealing must execute the appeal bond; but this may be the real as well as the nominal party. It is not confined to the party on record. The C. P. were right, and the motion must be denied. ·

Motion denied.